IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TODD DOUGLAS UDALL,**<br><br>Petitioner,<br><br>v.<br><br>**THE PEOPLE,**<br><br>Respondent. | 1:14-cv-00474 MJS HC<br><br>**ORDER DENYING MOTION TO STAY STATE SENTENCE**<br><br>(Doc. 19) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 18, 2014, Petitioner moved the court for an order staying his state court sentence under 28 U.S.C. § 2251(a)(1). (ECF No. 19.)

"A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C. § 2251(a)(1). The language of the statute does not set forth the relevant standard that a judge is to apply in determining whether a motion to stay

brought under 28 U.S.C. § 2251 is meritorious.[1] St. John v. State of N.C., 745 F. Supp. 1165, 1167 (W.D.N.C. 1990) (citing Bundy v. Wainwright, 808 F.2d 1410, 1421 (11th Cir.1987)).

Courts have articulated the following factors in deciding whether to grant a motion to stay under 28 U.S.C. § 2251 in non-capital cases:

> 1. Are substantial claims set forth in the petition?
>
> 2. Is there a demonstrated likelihood the petition will prevail?
>
> 3. Are there extraordinary circumstances attending the petitioner's situation which would require the grant in order to make the writ of habeas corpus effective, presumably if granted? In short, is this case distinguishable from other habeas corpus cases?

Stepney v. Lopes, 597 F. Supp. 11, 14 (D. Conn. 1984).[2]

When analyzing a section 2251 motion to stay in accordance with the above factors, the court also must keep the principles of comity and federalism in mind. Rado v. Meachum, 699 F. Supp. 25, 26-27 (D. Conn. 1988). A "petitioner . . . seeking a stay of execution pending the final disposition of a habeas action does not enjoy a presumption of innocence" because the petitioner has already been convicted and exhausted his state appeals. St. John v. State of N.C., 745 F. Supp. 1165, 1167 (W.D.N.C. 1990) (citations omitted). "A court considering a stay must apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such

---

[1] The court notes that at least one court which analyzed the issue determined that a "court's power under Title 28 U.S.C. § 2251, refers only to State court proceedings, not to service of sentences imposed by a State court." Kleczka v. Com. of Mass., 259 F. Supp. 462, 465 (D. Mass. 1966).

[2] No United States Court of Appeals for the Ninth Circuit exists with regard to this issue, but the three-prong test is substantially similar to the four-prong test applied by the Eleventh and Fifth Circuits when deciding whether to grant stays of execution in capital cases. See Bundy v. Wainwright, 808 F.2d 1410, 1421 (11th Cir. 1987) (A court must consider "whether the movant has made a showing of likelihood of success on the merits and of irreparable injury if the stay is not granted, whether the stay would substantially harm other parties, and whether granting the stay would serve the public interest."); Brogdon v. Butler, 824 F.2d 338, 340 (5th Cir. 1987) ("[I]n deciding whether to issue a stay, [a court] must consider: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.") (citations omitted).

a time as to allow consideration of the merits without requiring entry of a stay.'" Hill v. McDonough, 547 U.S. 573, 584 (2006) (quoting Nelson v. Campbell, 541 U.S. 637, 650 (2004).

"[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." Hill, 547 U.S. at 584; see also St. John, 745 F. Supp. at 1168 ("The state has a significant interest in bringing some degree of finality to its criminal prosecutions and the judgments of its courts after conviction. . . . an order by a federal court staying the execution of a sentence imposed by a state court interferes substantially with the state's interest, the federal court should "tread lightly before interfering.") (citing Rado, 699 F. Supp. at 26).

In short, Petitioner's case is not distinguishable from other habeas cases. Petitioner asserts instructional error at trial based on the failure to provide instructions regarding lesser included offenses, that his right to equal protection was violated with regard to his right to receive half-time credits, and that the state laws violated his First Amendment rights to free speech.

Even if the Court assumes that Petitioner presented substantial claims for relief, he fails to satisfy the other required factors. A preliminary review of the petition reveals no information upon which to conclude an obvious constitutional error was committed. As noted by Respondent in the answer to the petition, there is no clearly established United States Supreme Court precedent requiring lesser included offense instructions in non-capital cases. See Beck v. Alabama, 447 U.S. 625, 638, n.14 (1980); Solis v. Garcia, 219 F.3d 922, 929 (9th Cir. 2000). Further, Petitioner's claim regarding time credit calculation does not relate to whether he should have been convicted. Even if meritorious, it would only reduce the duration of his custody. Petitioner has failed to demonstrate a likelihood his habeas petition will prevail or the presence of extraordinary circumstances in his proceedings. Petitioner has not overcome the strong equitable presumption against granting a stay where the claim can be considered on its merits

without requiring entry of a stay. <u>Hill</u>, 547 U.S. at 584. For these reasons, it is ORDERED that Petitioner's motion to stay his state court sentence is DENIED.

IT IS SO ORDERED.

Dated:     September 14, 2015              /s/ *Michael J. Seng*
                                                       UNITED STATES MAGISTRATE JUDGE